**PRENOVOST, NORMANDIN, BERGH & DAWE**
A Professional Corporation
**MICHAEL G. DAWE, SBN 94987**
mdawe@pnbd.com
**2122 North Broadway, Suite 200**
**Santa Ana, California 92706-2614**
**Phone No.: (714) 547-2444**
**Fax No.: (714) 835-2889**

Attorneys for Plaintiff BILLON, INC. dba
OMEGA PRODUCTS
INTERNATIONAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, MARTIN KNIGHT, and DOES 1-100, inclusive,<br><br>  Defendants. | Case No. 8:16-cv-00788-CJC-JPR<br><br>**PLAINTIFF'S AMENDED NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |

**NOTICE IS HEREBY GIVEN** that Plaintiff BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL hereby appeals to the United States Court of Appeals for the Ninth Circuit from (a) the Judgment of Dismissal entered in this action on November 1, 2017 (Docket No. 54), attached hereto as Exhibit A, and (b) the Order Granting Defendants' Motion for Attorneys' Fees and Application for Costs entered in this action on January 3, 2018 (Docket No. 63), attached hereto as Exhibit B. Plaintiff's Representation Statement is attached to this Notice as required by Ninth Circuit Rule 3-2(b).

| | |
|---|---|
| DATED: January 10, 2018 | PRENOVOST, NORMANDIN, BERGH & DAWE<br>A Professional Corporation |
| | By:     */s/ Michael G. Dawe*<br>MICHAEL G. DAWE<br>Attorneys for Plaintiff BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL |

# REPRESENTATION STATEMENT

The undersigned represents Plaintiff-Appellant BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL, and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiff-Appellant submits this Representation Statement. The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL | Michael G. Dawe (SBN 94987)<br>PRENOVOST, NORMANDIN, BERGH & DAWE, APC<br>2122 North Broadway, Suite 200<br>Santa Ana, CA 92706<br>Telephone: (714) 547-2444<br>Facsimile: (714) 835-2889<br>Email: mdawe@pnbd.com |
| Defendants-Appellees JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, and MARTIN KNIGHT | William L. Buus (SBN 180059)<br>SCHIFFER & BUUS APC<br>3070 Bristol Street, Suite 530<br>Costa Mesa, CA 92626<br>Telephone: (949)825-6140<br>Facsimile: (949)825-6141<br>Email: wbuus@schifferbuus.com |

DATED: January 10, 2018

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation

By:     */s/ Michael G. Dawe*
MICHAEL G. DAWE
Attorneys for Plaintiff BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL

# Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BILLON, INC., dba OMEGA PRODUCTS INTERNATIONAL,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, MARTIN KNIGHT and DOES 1-100, inclusive,<br><br>  Defendants. | Case No.: 8:16-cv-00788-CJC-JPR<br><br>JUDGMENT |

This action came on for hearing before the Court on October 30, 2017, the Honorable Cormac J. Carney, United States District Court Judge, presiding, on Defendants' Motion for Summary Judgment, and the evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED that Plaintiff BILLON, INC., dba OMEGA PRODUCTS INTERNATIONAL take nothing by way of its Complaint,

that the action be dismissed on the merits, and that Defendants JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, and MARTIN KNIGHT recover their costs of suit.

Dated: November 1, 2017

_____
Hon. Cormac J. Carney
United States District Court Judge

# Exhibit B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BILLON, INC., dba OMEGA PRODUCTS INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, and MARTIN KNIGHT,<br><br>Defendants. | Case No.: SACV 16-00788-CJC(JPRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND APPLICATION FOR COSTS** |

## I. INTRODUCTION

Plaintiff Billon, Inc. ("Billon"), doing business as Omega Products International, brought this case against Defendants James Slatin, Edna Corley, John Vinzant, and Martin Knight (together "Defendants"), alleging breach of contract, fraud, and negligent

-1-

misrepresentation arising from the business relationship between Omega Products International and Defendants' LLC, Universal-Products International ("Universal"). (*See* Dkt. 1 Ex. A [Complaint].) Before the Court is Defendants' motion for attorneys' fees, (Dkt. 55 [hereinafter "Mot."]), and application for costs, (Dkt. 56 [hereinafter "App."]). For the following reasons, the Court hereby GRANTS Defendants' motion and application.[1]

## II. BACKGROUND

On April 13, 2013, Universal filed an action against Omega in San Bernardino Superior Court, *Universal Products International, LLC v. Wacker Chemical Corporation et al.*, No. CIVRS1302343 ("the Universal lawsuit"). (Dkt. 43-1 [Plaintiff's Response to Defendants' Separate Statement of Uncontroverted Facts, hereinafter "SUF"] ¶ 15.) Universal brought causes of action for breach of contract and breaches of the implied warranties of merchantability and fitness for a particular purpose. (*Id.* ¶ 16.) The action arose from Omega's failure to perform quality control testing, which resulted in Universal and its customers receiving defective products. (*Id.*) Ultimately, Omega was found liable by a jury for $500,000 in damages resulting from its production of defective products. (*See* Dkt. 15-1 at 2–4; Dkt. 38 Ex. 3.) On appeal, the California Court of Appeal affirmed the judgment on April 27, 2017, (Dkt. 38 Ex. 8), and the California Supreme Court denied Omega's subsequent Petition for Review, (SUF ¶ 19).

While Omega's appeal of the special jury verdict and state court judgment was pending, Billon filed this action against Defendants in state court on March 7, 2016. (Dkt. 1.) Billon's action was removed to this Court on April 27, 2016. (*Id.*) Omega

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 8, 2018, at 1:30 p.m. is hereby vacated and off calendar.

brought three causes of action against Defendants: (1) breach of contract, (Dkt. 1-1 ¶¶ 11–18), (2) fraud, (*id.* ¶¶ 19–24), and (3) negligent misrepresentation, (*id.* ¶¶ 25–29). Defendants filed a motion for summary judgment on October 24, 2016, (Dkt. 15), but the Court *sua sponte* stayed the case and denied the motion without prejudice in light of the pending appeal of the Universal lawsuit, (Dkt. 31). The Court lifted the stay on August 14, 2017. (Dkt. 35.)

Defendants filed a motion for summary judgment on September 11, 2017. (Dkt. 37.) Billon then filed a motion for leave to file a first amended complaint on September 27, 2017. (Dkt. 44.) Billon sought leave to amend to withdraw its breach of contract cause of action, as well as "modify the legal theory upon which Omega's two tort causes of action are based." (*Id.* at 1.) On October 30, 2017, the Court granted Defendants' motion for summary judgment on all three of Billon's claims, and denied Billon's motion for leave to amend. (Dkt. 51 [hereinafter "Order"].) Thereafter, Defendants filed their present motion for attorneys' fees in the amount of $72,770 and application for costs in the amount of $2,140.

## III. DISCUSSION

### A. Application of California Civil Code section 1717

California law governs the recovery of attorneys' fees in actions involving state law claims. *MRO Commc'ns v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) ("In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule."). Under California law, "where the parties have contractually obligated themselves to pay attorneys' fees," California Civil Code section 1717 provides for reasonable attorneys' fees to the prevailing party. *Farmers Ins.*

*Exchange v. Law Offices of Conrado Joe Sayas, Jr.,* 250 F.3d 1234, 1237 (9th Cir. 2001). "In any action on a contract, where the contract specifically provides that attorneys' fees and costs, which are incurred to enforce that contract, shall be awarded . . . , then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorneys' fees in addition to other costs." Cal. Civ. Code § 1717(a). California Civil Code section 1717 applies to contract containing reciprocal fee recovery provisions as well as unilateral attorney fee provisions. *Santisas v. Goodin*, 17 Cal. 4th 599, 614 (1998). The prevailing party is "the party who recovered a greater relief in the action on the contract." *Id.* § 1717(b).

Here, Billon alleged that Defendants breached the terms of two credit applications which include provisions entitling the seller to recover its attorneys' fees and costs. (Dkts. 39-1, 40-1.) Billon sought attorneys' fees incurred in this action under these provisions. (Dkt. 1-1 *Prayer for Relief*.) Defendants obtained an unqualified victory on all three of Billon's claims, including breach of contract, when the Court granted summary judgment in favor of Defendants and denied Billon's motion to amend the Complaint. *See Hsu v. Abbara*, 9 Cal.4th 863, 865–66 (1995) (holding that when the trial court "renders a simple, unqualified decision in favor of the defendant on the only contract claim in the action[,] ... the defendant, who is unquestionably the sole victor, is the party prevailing on the contract as a matter of law and therefore entitled to reasonable attorney fees under section 1717."); *David S. Karton, A Law Corp. v. Dougherty*, 231 Cal. App. 4th 600, 608–09 (2014), *as modified on denial of reh'g* (Dec. 12, 2014) (same). Moreover, section 1717 permits Defendants' recovery even though Billon admitted the credit applications were unenforceable contracts. *Santisas*, 17 Cal. 4th at 611 ("[I]t has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees . . ."). Thus, Defendants are entitled to attorneys' fees and costs as the prevailing party in this action on a contract

under section 1717.[2]

Billon makes various arguments as to why section 1717 does not entitle Defendants to an award of attorneys' fees and costs. (Dkt. 61 [Billon's Opposition, hereinafter "Opp."].) First, Billon argues that Defendants are not "prevailing parties" under section 1717 because Billon "voluntarily withdrew" its breach of contract action in its opposition to Defendants' first motion for summary judgment. (*Id*. at 8–12.)[3] Billon cites section 1717(b)(2) which provides, "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Cal. Civ. Code § 1717(b)(2). Contrary to Billon's assertion, section 1717(b)(2) does not apply here because Billon did not voluntary dismiss the action. Instead, Billon sought to withdraw its breach of contract cause of action, while maintaining its two tort causes of action. This change would constitute an amendment to Billon's Complaint and not a withdrawal of the action.[4] Unlike the instant action, the cases Billon cites apply section 1717(b)(2) when there has been a voluntary dismissal of *the entire action. See Int'l Indus., Inc. v. Olen*, 21 Cal. 3d 218 (1978) (the

---

[2] Billon does not contest that as a non-signatory party to the credit applications, it is bound to the attorneys' fees provision contained therein because it has stood "in the shoes of a party to the contract." *Apex LLC v. Korusfood.com*, 222 Cal. App. 4th 1010, 1017–18 (2013) (citations omitted).

[3] Billon also argues that Defendants have not prevailed "on the contract" because the Court granted summary judgment in the Defendants' favor on the basis of the litigation privilege, California Civil Code section 47. (Opp. at 12–13.) Billon cites no case law to support this contention. This argument is a nonstarter. Section 1717 contains no requirement that a party prevail "on the contract" based on the terms of the contract or the enforceability thereof. Moreover, "California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action "'involve[s]' a contract it is 'on [the] contract' within the meaning of [s]ection 1717." *Dell Merk, Inc. v. Franzia*, 132 Cal. App. 4th 443, 455 (2005) (quotations and citations omitted); *see Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 894 (2008) (finding a cross-complaint concerning a real estate agent's duties as a matter of law was "on the contract" for purposes of section 1717(a) where the cross-complaint referred to the contract 14 times, attached a copy of the agreement, and incorporated it by reference). Billon's invocation of the equitable maxim that "no one can take the benefit of his own wrong" in support of this argument is also unavailing. (Opp. at 16–17.) Billon argues that Defendants have received an unjust reward by prevailing on this action in light of the litigation privilege. This is not a reason to deny Defendants' their motion for attorneys' fees.

[4] Indeed, Rule 41(a) does not permit a plaintiff to "dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988).

-5-

plaintiff filed a request for voluntary dismissal without prejudice, and after being notified of the dismissal, defendant moved for entry of judgment); *D & J, Inc. v. Ferro Corp.*, 176 Cal. App. 3d 1191 (1986) (plaintiff moved to dismiss the action with prejudice during the trial and the court granted the motion; the defendant then requested attorneys' fees and costs); *Glencoe v. Neue Sentimental Film AG*, 168 Cal. App. 4th 874 (2008) (plaintiff filed a voluntary dismissal of the action with prejudice while a motion for summary judgment was pending); *Gogri v. Jack In The Box Inc.*, 166 Cal. App. 4th 255 (2008) (voluntary dismissal of action at franchisee's request); *Lerner v. Ward*, 13 Cal. App. 4th 155, 159 (1993) (holding attorneys' fees were not recoverable under section 1717 where the court had entirely dismissed the plaintiff's contract action and the only claims remaining were tort claims).

Second, Billon argues that because this action concerns both contract and tort claims, the prevailing party on the contract is only entitled to fees "incurred to litigate the contract claims" under section 1717. (Opp. at 13–15.) Billon argues that because it voluntarily withdrew its breach of contract claim, the only claims that Defendants prevailed on were tort claims for which section 1717 provides no recovery of attorneys' fees. (Opp. at 15.) "If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." *Santisas*, 17 Cal. 4th at 615 (citing *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129–130 (1979). However, fees need not be apportioned "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the [issues common to all causes of action] qualify for award." *Reynolds Metals Co.*, 25 Cal. 3d at 129–130. Thus, allocation is not required when the issues are "so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." *Akins v. Enterprise Rent–A–Car Co.*, 79 Cal.App.4th 1127, 1133 (2000). All three of Billon's claims were based on the same underlying core

of facts: that Defendants "represented they would indemnity [sic] and hold Omega harmless in the event of any claims of suits filed against Omega arising out of the contracts." (Dkt. 1-1 ¶ 12; *see also* ¶¶ 20, 26.) Billon's alleged damages for each claim were the judgment entered against Omega in the Universal lawsuit and the fees and costs Billon incurred defending itself in that action. (*Id*. ¶¶ 16, 18, 23, 29.) Billon even admitted that its proposed amendments were "based upon the same underlying operative core of facts as the initial complaint." (Dkt. 44 at 7.) Here, Billon's causes of action were "so interrelated" that the Court cannot allocate Defendants' recovery between its contract and tort claims. *See, e.g*., *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1604–05 (2008), *as modified* (Feb. 15, 2008) (affirming trial court ruling that it could not separate legal services rendered on contract claim from other claims where all claims "relied upon the same factual allegations"); *Thompson Pac. Const., Inc. v. City of Sunnyvale*, 155 Cal. App. 4th 525, 556 (2007) (affirming trial court ruling that it could not separate out the fees between breach of contract claim and other claim where the party conceded the two claims were related, and the contract claim "incorporated the very disputes that led" to the other claim and the two claims required the same proof).

**B. Reasonable Attorneys' Fees and Costs**

In determining whether an award of attorneys' fees is reasonable, the lodestar method is the fundamental starting point. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that "the 'lodestar' figure has . . . become the guiding light of [the court's] fee-shifting jurisprudence"). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation and quotes omitted); *accord Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The attorney's hourly rate is reasonable if it is in line with the prevailing

market rate of the relevant legal community, regardless of whether a party is represented by private or nonprofit attorneys. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) ("When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid" as well as "the burden to prove that the rate charged is in line with the prevailing market rate of the relevant community" (citation and quotes omitted)); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986))). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Reasonable hours expended on a case are hours that are not "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citation omitted); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a strong presumption that the lodestar represents the reasonable fee. . . ." (citation and quotes omitted)). Thus, adjustments to the lodestar amount are permitted only if warranted by the circumstances and are reserved for rare or exceptional cases. *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010).

Here, Defendants request $72,770 in attorneys' fees, which represents the lodestar amount. Defendants' counsel Mr. Buus spent 153.20 hours on this action. This amount is reasonable in light of Defendants filing and defending two summary judgment motions, as well as defending Billon's two motions for leave to amend. Mr. Buus's hourly rate is $475. This rate is reasonable in light of Mr. Buus's experience as a trial

lawyer, the results obtained in this action, the relative complexity of the issues, and the fact that Mr. Buus forewent other work to represent Defendants in this action. Mr. Buus's rate is also supported by the comparable rate listed in the Laffey Matrix for the District of Columbia, adjusted by statistics representing reasonable rates for attorneys in Orange County published by the United States Bureau of Labor Statistics. Defendants also request $2,140 in costs for filing fees associated with this action. (*See generally* App.) Billon does not oppose Mr. Buus's hourly rate or the hours spent on the litigation. (*See generally* Opp.)

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for attorneys' fees in the amount of $72,770 and application for costs in the amount of $2,140.

DATED: January 3, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On January 10, 2018, I served true copies of the following document(s) described as **PLAINTIFF'S AMENDED NOTICE OF APPEAL AND REPRESENTATION STATEMENT** on the interested parties in this action as follows:

William L. Buus, Esq.
SCHIFFER & BUUS APC
959 South Coast Drive, Suite 385
Costa Mesa, CA  92626
Tel:  (949) 825-6140 / Fax:  (949) 825-6141
Email:  wbuus@schifferbuus.com
Attorneys for Defendants JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, MARTIN KNIGHT

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2018, at Santa Ana, California.

*/s/ Brian Cronin*
Brian Cronin